UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEE MARTIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CENTRAL CREDIT SERVICES, LLC,<br><br>　　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.　1:17-cv-04064<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RENEE MARTIN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CENTRAL CREDIT SERVICES LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and maintains significant contacts in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 40 year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a collection agency with its principal place of business located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida. Defendant regularly collects upon consumers in the State of Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In early 2017, Plaintiff began receiving calls to her cellular phone, (248) XXX-2568 from Defendant.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2568. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant has mainly used the phone number (855) 552-2540 when placing collection calls to Plaintiff's cellular phone.

11. Upon information and belief, the above phone number ending in 2540 is regularly utilized by Defendant to make outgoing calls to consumers it is collecting upon.

12. Plaintiff is unfamiliar with Defendant and has no knowledge as to why it would be calling her, as she does not owe any outstanding debts to it.

13. When Plaintiff answers calls from Defendant, she experiences dead air, and often repeats "hello" into the phone. Defendant fails to respond and proceeds to end the phone call.

14. Due to the confusing nature of Defendant's phone calls, Plaintiff has even returned one of its calls to obtain more information.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it did not know why it was calling her, as her phone number was not even on its calling list.

16. Despite calling the wrong person, Defendant continued to regularly contact Plaintiff well into at least April 2017.

17. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, with some calls coming in just minutes apart from one another.

18. For instance, on February 27, 2017 and March 10, 2017, Defendant called Plaintiff's cellular phone not less than 3 times on each respective day.

19. Plaintiff has received approximately 31 phone calls from Defendant, seeking to collect upon an unknown individual.

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $69.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

22. Plaintiff has been unfairly harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. The debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692b & c(b)**

28. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than

the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

29. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an unknown individual. Defendant even acknowledged that it did not have Plaintiff's phone number in its system, so it had more than enough information to know that the number it was calling did not belong to the individual owing the debt. Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff seeking to collect upon a debt that did not belong to her. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect a debt owed by an unknown individual was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

32. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

### c. Violations of the FDCPA § 1692e

5

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt. Nevertheless, Defendant called Plaintiff approximately 31 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it never had consent to do so in the first place.

### d. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff seeking to collect upon a debt which she does not owe. In addition, Defendant's phone calls were unfair and unconscionable, as Plaintiff would say "hello" and then Defendant would hang up the call. This is a ploy used by Defendant to force consumers to return its calls and ultimately make a payment on a debt which is not even owed by that consumer. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after having knowledge that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

6

38. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RENEE MARTIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The dead air that Plaintiff experienced during answered calls before being hung up on by Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

42. Plaintiff does not have any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking to collect upon an unknown individual. As such, she could not have given Defendant consent to contact her.

43. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

44. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, RENEE MARTIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

47. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

48. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

49. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person, and by calling Plaintiff and remaining silent, it coerced her to return its calls with the ultimate goal of securing payment from her. The fact that it was continuously calling the wrong party is illustrative of Defendant's unfair practice.

50. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when Defendant is relentlessly calling for the wrong individual.

51. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

9

53. As pled in paragraphs 19 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on her cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff to collect upon an unknown individual, as Plaintiff had no business relationship with Defendant. Plaintiff was still bombarded with collection phone calls even though Defendant's representative admitted that Plaintiff was not in its system, which points to the fact that she did not have an outstanding debt owed to it. Defendant placed these deceptive phone calls with the intent of securing payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer such as Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, RENEE MARTIN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: May 30, 2017 | Respectfully submitted, |
| s/ Nathan C. Volheim<br>Nathan C. Volheim, Esq. #6302103<br>Counsel for Plaintiff<br>Admitted in the Northern District of Illinois<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard, Suite 150<br>Oak Brook, Illinois 60523<br>(630) 575-8181 x113 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | s/Taxiarchis Hatzidimitriadis<br>Taxiarchis Hatzidimitriadis, Esq. #6319225<br>Counsel for Plaintiff<br>Admitted in the Northern District of Illinois<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard, Suite 150<br>Oak Brook, Illinois 60523<br>(630) 575-8181 x110 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |